UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────────

NANCY COOK,

                              Plaintiff,

         v.                                              DECISION AND ORDER
                                                         02-CV-0065A

HATCH ASSOCIATES,

                              Defendant.

────────────────────────────────


## INTRODUCTION

         Currently before the Court is a motion *in limine* by the plaintiff, Nancy

Cook, to preclude the defendant, Hatch Associates, from introducing into evidence an

Equal Employment Opportunity Commission ("EEOC") determination letter dated

November 15, 2001 and any testimony by defense witnesses relating to the EEOC

determination letter.  For the reasons stated, the motion to preclude is granted.


## BACKGROUND

         Plaintiff commenced this action on January 24, 2002, alleging age and

gender discrimination.  Prior to filing this action, she filed an EEOC discrimination

charge alleging the same.  The EEOC conducted an inquiry into plaintiff's allegations

and requested further information from both the plaintiff and the defendant.  Upon

review of the information provided by both parties, the EEOC issued its determination

1

letter, wherein it stated:

> After careful review of the information provided by both you and Hatch Associates, it does not appear that further proceedings are warranted on your charge of gender and age discrimination.  In reaching this conclusion, it was noted that there was no evidence to establish any nexus between your age and your discharge.  Moreover, information you submitted regarding your having complained regarding gender discrimination is lacking in specific detail, especially in the form of dates and what was actually complained about, as was your claim of being denied access to clients which would enhance your career.  Pertaining to your claim of not being afforded access to Hatch's career development program is contrary [sic] to what the record shows.

<u>See</u> EEOC Determination Letter, Dkt. No. 101, at Exh. A.  The plaintiff seeks to preclude the defendant from introducing the EEOC determination letter on the ground that its probative value is substantially outweighed by the danger of unfair prejudice. The defendant opposes plaintiff's motion and argues that the EEOC letter is highly probative and that any potential prejudice can be mitigated by issuing a limiting instruction to the jury.

## DISCUSSION

Rule 803(8)(C) of the Federal Rules of Evidence provides a hearsay exception for "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."  Both parties agree that EEOC determination letters fall within this public records exception to the hearsay rule.  <u>See</u> <u>Chandler v. Roudebush</u>, 425 U.S. 840, 863, n.39 (1976); <u>Paolitto v. John Brown E. & C., Inc</u>., 151 F.3d 60, 64 (2d Cir. 1998).  However, as the rule makes clear, this hearsay exception is not applicable where "the sources of information or other circumstances indicate lack of

2

trustworthiness."  See Fed. R. Evid. 803(8)(C).

Even if the determination letter bears sufficient indicia of trustworthiness, it may still be precluded under Rule 403, if the Court determines that its probative value is substantially outweighed by the danger of unfair prejudice.  Indeed, the Second Circuit has made clear that "the fact that evidence is within an exception to the hearsay rule does not by itself make it admissible *per se.*"  Paolitto, 151 F.3d at 64.  The Circuit  has also observed that "employment agency determination 'are not homogeneous products; they vary greatly in quality and factual detail.'"  Id. at 65 (quoting Johnson v. Yellow Freight Sys., Inc., 734 F.2d 1304, 1309 (8th Cir.), cert. denied, 469 U.S. 1041 (1984)).  Before finding such evidence admissible, the Court must "consider the quality of the report, its potential impact on the jury, and the likelihood that the trial will deteriorate into a protracted an unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency."  Id. at 65.

Upon consideration of those factors and the issues to be determined by the jury, the Court finds that the EEOC determination letter should be precluded under Rule 403.   The Court has not been provided with the evidence that was considered by the EEOC in reaching its determination.  As such, it is not clear what evidence was considered by the EEOC and how that evidence compares with the evidence to be presented at trial.  Nor does it appear that the EEOC interviewed any witnesses as part of its fact-finding inquiry.  The EEOC's determination letter contains only conclusory findings that fail to describe the nature of its investigation or the basis for its conclusions.  See Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 94, at n.4 (2d Cir. 1999).  Such evidence is of little probative value.

3

Moreover, many of the charges addressed by the EEOC are irrelevant to the issues to be determined by the jury.  For example, although plaintiff included an age discrimination claim in her EEOC charge, that charge has been dismissed pursuant to this Court's earlier summary judgment ruling.  This jury will not be considering any evidence or allegations relating to age discrimination.  Nor will the jury be considering plaintiff's earlier charges of gender discrimination based upon her claims of failure to promote or denial of access to the defendant's career development program.  Like her age discrimination claim, those claims were also dismissed upon summary judgment.

The only claims that will actually be considered by the jury are the plaintiff's claims of gender discrimination in the form of discriminatory work assignments and unlawful termination.  It does not appear that the EEOC made any specific determination as to either of those claims.  Although the EEOC found that plaintiff's gender discrimination claims, in general, were "lacking in specific detail, especially in the form of dates and what was actually complained about" the EEOC did not make any specific determination as to the credibility of plaintiff's discriminatory work assignments claim or her claim of unlawful termination based upon gender.  Given the absence of any specific determination concerning the claims at issue during trial and the conclusory nature of the EEOC's findings, the Court finds that the EEOC's determination letter, as a whole, has minimal probative value.

Further, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  As noted, many of the discrimination claims addressed by the EEOC are no longer part of this case.  If the EEOC's letter is introduced, it would needlessly interject irrelevant issues and likely lead

4

to confusion by the jury.  The jury would wonder why plaintiff initially alleged age and

gender discrimination, yet they are only to consider gender discrimination.  It might also

mislead the jury into thinking that all of plaintiff's claims are meritless, simply because

some of those claims were found to be meritless by the EEOC and this Court.  The

Court finds that a limiting instruction will not alleviate the unfair prejudice created by

introduction of the EEOC's determination letter.  The jury might feel compelled to rely

upon the EEOC's determination instead of relying upon its own independent judgment.[1]

Finally, the Court agrees with the Eighth Circuit's observation that:

> there is little probative value in the EEOC's conclusory statements
> regarding the same evidence [to be presented to the jury].  To admit the
> report under these circumstances would amount to admitting the opinion
> of an expert witness to what conclusions the jury should draw, even
> though the jury had the opportunity and the ability to draw its own
> conclusions from the evidence.. . .

Johnson, 734 F.2d at 1309; see also Paolitto, 151 F.3d at 65 (affirming district court's

exclusion of a state employment agency's determination of no probable cause); Hall v.

Western Prod. Co., 988 F.2d 1050, 1058 (10th Cir. 1993) (affirming district court's

decision to exclude a state agency report under Rule 403 where "all the evidentiary

matter before the [state agency] could be presented to the jury" and thus the sole

purpose would be "to suggest to the jury that it should reach the same conclusion" as

the agency).

---

[1]	The Court has considered whether the EEOC determination letter should be redacted so as to eliminate reference to the claims that are no longer at issue in the case.  The Court finds that redaction is not feasible here because the EEOC's findings relate primarily to issues that no longer exist, whereas, as noted, the EEOC failed to make specific findings as to the claims that are still part of the case.  Therefore redaction of those irrelevant portions will not serve to eliminate the danger of unfair prejudice or confusion to the jury.

**<u>CONCLUSION</u>**

In sum, the Court grants the plaintiff's motion to preclude the defendant from introducing the EEOC determination letter into evidence and from introducing any testimony by defense witnesses relating to the EEOC's determination letter.  In light of this ruling, the Court finds that it is also appropriate to preclude the plaintiff from introducing any evidence concerning her EEOC charge.  Although that charge is a jurisdictional prerequisite for bringing this action, at this juncture, it is not relevant to the jury's consideration of the claims at issue.  The plaintiff can testify about the discriminatory conduct that she allegedly suffered without introducing her EEOC allegations regarding the same.


SO ORDERED.

s/ *Richard J. Arcar*a_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  April  30    , 2007